**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILIP JONES, | ) Case No. CV 13-7792-JWH (JPR) |
| Petitioner, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| KELLY SANTORO,[1] Warden, | ) |
| Respondent. | ) |

The Court has reviewed the Second Amended Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge, which recommends that judgment be entered denying the SAP and dismissing the action with prejudice. See 28 U.S.C. § 636(b)(1). Petitioner filed objections to the R. & R. on June 16, 2021; Respondent did not reply.

Most of Petitioner's objections simply reargue points made in his SAP and Traverse. A few warrant discussion, however. To show deficient performance by his trial counsel, he again points to counsel's testimony during the evidentiary hearing that he did not "investigate a mental state defense." (Objs. at 2.) As he argues, in many cases that might be "significant." (Id.) But as the Magistrate Judge pointed out, defense counsel's testimony

---

[1] Kelly Santoro is the warden of North Kern State Prison, where Petitioner is housed, and is substituted in under Federal Rule of Civil Procedure 25(d) as the proper Respondent. See also R.2(a), Rules Governing § 2254 Cases in U.S. Dist. Cts.

as a whole made clear that he at least somewhat investigated a mental-state defense before reasonably deciding not to pursue the issue further. (See R. & R. at 26-31 (summarizing defense counsel's evidentiary-hearing testimony); see also id. at 39.) He reviewed all five expert reports then available concerning Petitioner's mental state and discussed with Petitioner's mother and girlfriend his mental state immediately before the crimes. (See id. at 27-29.) When Petitioner's mother mentioned a family history of mental illness, he followed up by asking that she provide him with more information, but she never did. (Id. at 28.) And counsel knew from talking to the mother that Petitioner had never been in mental-health treatment and had no medical records concerning it. (Id.)

Defense counsel also knew from reading the expert reports that many of Petitioner's doctors suspected that he was malingering. (See id. at 27-28; see also id. at 36-39.) As the Magistrate Judge explained, he therefore reasonably decided to pursue another defense at trial rather than risk having Petitioner rely entirely on a flawed mental-state one. (See id. at 36-41.)

On habeas review, "a federal court may grant relief only if every 'fairminded juris[t]' would agree that every reasonable lawyer would have made a different decision." Dunn v. Reeves, 141 S. Ct. 2405, 2411 (2021) (emphasis and alteration in original) (quoting Harrington v. Richter, 562 U.S. 86, 101 (2011)). Given the evidence of malingering, Petitioner's insistence to counsel that he did not commit the crimes (see R. & R. at 26-27, 29), and the reasonableness of an identification

defense given many witnesses' failure to identify Petitioner and the flaws in the identifications of those who did (see id. at 41-42), that is clearly not the case here.[2]

Having reviewed de novo those portions of the R. & R. to which Petitioner objects, see 28 U.S.C. § 636(b)(1)©, the Court accepts the findings and recommendations of the Magistrate Judge in the R. & R. as well as in the January 19, 2017 order granting a stay, which the Court has read. Therefore, Judgment shall be entered denying the SAP and dismissing this action with prejudice.

**IT IS SO ORDERED.**

DATED: November 17, 2021

JOHN W. HOLCOMB
U.S. DISTRICT JUDGE

---

[2] Petitioner argues that the Magistrate Judge erroneously found that he raised his argument that "the superior court 'unreasonably determined the facts by inserting its own opinions and recollections into the record'" for the first time in his Traverse and therefore had forfeited it. (Objs. at 3 (citing R. & R. at 44).) He points to a short statement in his SAP complaining about the superior court's "leading questions" as preserving the argument. (Id. at 3-4.) But a trial court asking leading questions is not the same thing as it relying on its own factual observations. In any event, as the Magistrate Judge observed, "before the court questioned him, [defense counsel] had testified that he considered the mental-state defense, and he confirmed on redirect that he had weighed both defenses." (R. & R. at 44 (citation omitted).) Thus, any leading questions and personal observations did not play a significant role in the state court's findings. (See also id. at 43-46.)